UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL RAMOS, | : | |
| | : | Case Nos. 1:06-CV-00581 |
| Petitioner, | : | 1:05-CR-00061 |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

This matter is before the Court on Petitioner's Motion to Vacate Sentence (doc. 31) and the United States' Response (doc. 40). Petitioner filed no Reply. For the reasons indicated herein, the Court denies Petitioner's Motion.

**I. Background**

On February 26, 2006, the Court sentenced Petitioner to forty-six months of imprisonment, having accepted his plea of guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(1) (doc. 39). Petitioner was previously removed from the United States in 2002, after having been convicted of a felony drug trafficking offense (Id.). After this initial deportation, Petitioner illegally reentered the United States. He was subsequently arrested on unrelated state drug charges (Id.). During Petitioner's confinement on such charges, the Bureau of Immigration and Customs Enforcement found Petitioner in the government's custody and charged him with illegally reentering the United States (Id.).

**II. Petitioner's Motion and the Government's Response**

Petitioner's Motion to Vacate (doc. 31) is based on four grounds. First, Petitioner asserts that he did not understand the charge, nor the consequences of his plea (Id.). Specifically, he asserts that his guilty plea was obtained without an explanation from Counsel regarding the possible sentences (Id.). The government counters that Petitioner may not collaterally attack a guilty plea, because he procedurally defaulted by failing to challenge the voluntariness of his plea on direct appeal (doc. 40). Further, the government contends that the challenge fails because Petitioner himself confirmed at his plea hearing that his plea was knowing, free and voluntary (Id.).

Second, Petitioner asserts that discovery of his status as having been previously deported was the result of an unconstitutional search (doc. 31). The government responds that Petitioner's second ground is also procedurally barred, because he already had a full and fair opportunity to litigate the claim of unconstitutional search in state court and therefore may not further litigate the claim (doc. 40). The government further argues that Petitioner forfeited his claim since he failed to raise the claim on direct appeal of his prior state and federal convictions (Id.).

Moreover, the government argues that even if the evidence regarding his illegal status in the United States is admissible, it

has no bearing on Petitioner's conviction for illegally reentering the country after being deported (Id.). The government contends that Petitioner's identity, as a deported felon, is the only necessary evidence to demonstrate his illegal presence in the United States (Id.). The government further argues that a defendant's identity is not itself suppressible as a fruit of an unlawful arrest (Id.).

Petitioner's third ground for collateral relief is that Counsel was ineffective in representing him (doc. 31). The government responds that Petitioner's claim fails on the merits for a lack of evidence (doc. 40). Specifically, that Petitioner's only evidence is his own allegation that his attorney's performance was deficient (Id.). The government further refers to Petitioner's statements in his plea agreement and to Petitioner's responses to the Court's inquiries regarding the adequacy of his representation (doc. 40). In both, Petitioner acknowledged that his attorney had provided competent representation and had fully explained the charge and Petitioner's options (Id.).

Finally, Petitioner asserts that Counsel informed him that cases such as his were not appealable (doc. 31). However, the government argues Petitioner has not presented any evidence in support of such claim (doc. 40). The government asserts that Petitioner's attorney is an experienced member of the Federal Public Defender's office who regularly practices in the U.S.

3

District Courts and the Sixth Circuit Court of Appeals and that had Petitioner instructed him to file an appeal, there is no reason to believe that Counsel would not have done so (Id.). Finally, the government argues that the record belies Petitioner's claim, as Petitioner acknowledged in his sentencing hearing that he was aware of his right to appeal (Id.).

### III. Discussion

Having reviewed the matter, the Court finds well-taken the government's position in opposition to Petitioner's Motion to Vacate. Petitioner's first claim, that his conviction was obtained by a guilty plea that was unlawfully induced or not made voluntarily, because he did not understand the charge, fails on two grounds. First, the claim is procedurally barred because Petitioner failed to raise the claim on direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994). Habeas review "will not be allowed to do service for a [direct] appeal." Id. Further, "[it] is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). However, there are limited circumstances under which a guilty plea may be challenged on collateral review. Bousley v. U.S., 523 U.S. 614, 621 (1998). Such circumstances allowing for collateral attack require the Petitioner to first file a direct appeal challenging the voluntariness of his guilty plea. Id.

4

Petitioner's failure to file a direct appeal resulted in a procedural default of his claim. Furthermore, Petitioner's first claim fails on the merits since Petitioner himself confirmed in his plea agreement and in response to the Court's queries that his plea was given knowingly, freely and voluntarily.

Petitioner's second claim, that discovery of his illegal status in the United States was the result of an unconstitutional search fails because a defendant's identity is not itself suppressible as a fruit of an unlawful arrest. U.S. v. Navarro-Diaz, 420 F.3d 581, 587 (6th Cir. 2005). Even if the initial search were suppressible, the Petitioner "is a person whose unregistered presence in this country, without more, constitutes a crime." See INS v. Lopez-Mendoza, 468 U.S. 1032, 1047 (1984). Regardless of whether the initial search of the vehicle in the previous state drug conviction was constitutional, the only evidence necessary to show Petitioner's illegal presence in this country is his identity. See Navarro-Diaz at 586.

Moreover, Petitioner's second ground for relief is precluded, because he already had a full and fair opportunity to litigate the claim in state court and therefore may not further litigate the allegedly unconstitutional search on the ground that evidence obtained from the search was introduced at his trial. Stone v. Powell, 428 U.S. 465, 494 (1976). Furthermore, Petitioner's failure to raise the claim on direct appeal of his

5

state conviction or his federal conviction results in a default of the claim. See Reed v. Farley at 354.

Petitioner's third ground for relief, that his Counsel was ineffective in representing him, fails on the merits as well. For a convicted defendant to show that Counsel was so ineffective that it merits a reversal of the conviction the Petitioner must establish two components:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
> Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner's only evidence is his own allegation, which is insufficient to meet the requisite burden. Furthermore, Petitioner's claim is refuted by his statements in response to the Court's queries regarding his satisfaction with Counsel and also by Petitioner's signed plea agreement to the same effect.

Petitioner's final claim, that he was denied the right to appeal fails because his own testimony contradicts the claim. The Court questioned Petitioner as to whether he understood that he had the right to appeal the sentence, in which case the Petitioner answered in the affirmative (doc. 39). Additionally, the Petitioner failed to present any evidence in support of his

6

allegation.

Accordingly, the Court DENIES Petitioner's Motion to Vacate His Sentence (doc. 31), and DISMISSES this case from the Court's docket. The Court further DECLINES to issue a certificate of appealability because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: 4/5/07

S. Arthur Spiegel
United States Senior District Judge

7